UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TONY L. SCOTT,

    Plaintiff,

v.                                                 Case No.  5:19-cv-211-MCR/MJF

BEN HASTY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Tony L. Scott has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), a motion to proceed *in forma pauperis* (Doc. 2), and a motion for appointment of counsel (Doc. 3). The undersigned concludes that Scott's motion to proceed *in forma pauperis* should be denied and this case dismissed under 28 U.S.C. § 1915(g), because Scott is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this lawsuit.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

Plaintiff Tony L. Scott, DC# 204581, is an inmate of the Florida Department of Corrections currently confined at Suwanee Correctional Institution in Live Oak, Florida.[2] Scott initiated this action on June 5, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983, naming one Defendant: Dr. Ben Hasty. (Doc. 1, p. 2). Scott describes Hasty as a self-employed physician in Panama City, Florida. (Doc. 1, p. 2). Scott claims that in 2017, Dr. Hasty subjected him to cruel and unusual punishment in violation of the Eighth Amendment, when he failed to promptly remove stitches from Scott's right eye following surgery for glaucoma. (Doc. 1, pp. 6-7 in ECF). Scott claims that Hasty's failure to promptly remove the stitches caused his eye to become infected and, ultimately, the loss of vision in that eye. As relief, Scott seeks $750,000 in compensatory damages and $1.500,000 in punitive damages. (Doc. 1, p. 8 in ECF).

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

---

[2] Scott's complaint identifies his address as Santa Rosa Correctional Institution. (Doc. 1, p. 2). Scott's mailing envelope reflects a return address of Suwanee Correctional Institution. (Doc. 1, p. 9 in ECF). The Florida Department of Corrections' website confirms that Scott is confined at Suwanee CI. *See* www.dc.state.fl.us.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Scott has already accrued three strikes, as recognized by the United States District Court for the Middle District of Florida. *See Scott v. Rivera*, No. 3:16cv1585-MMH-PDB (M.D. Fla. Jan. 9, 2017) (dismissing Scott's civil action

pursuant to three-strikes bar and identifying qualifying cases). As determined by the Middle District, Scott's three qualifying cases are: (1) *Scott v. Corizon Med. Servs*, Case No. 3:16cv535-MMH-PDB (M.D. Fla. May 5, 2016) (dismissing, for failure to state a claim, civil rights action filed by Scott while incarcerated); (2) *Scott v. Morgan*, Case No. 3:11cv603-LC-EMT (N.D. Fla. Feb. 13, 2012) (dismissing as malicious civil rights action filed by Scott while incarcerated); (3) *Scott v. Crowell*, Case No. 9:09cv80672-WPD (S.D. Fla. Aug. 28, 2009) (dismissing, for failure to state a claim, civil rights action filed by Scott while incarcerated).

Scott's present complaint acknowledges Middle District Case No. 3:16cv1585, and two of the three actions identified therein as strikes. (Doc. 1, p. 4 in ECF (acknowledging Case No. 3:11-cv-603 and Case No. 9:09cv80672)). Although Scott does not disclose Case No. 3:16-cv-535 in his present complaint, that case clearly was filed by Scott, because it bears his name and DC# 204581, and was judicially determined by the Middle District to be Scott's filing.[3] All three of Scott's "strikes" were entered prior to Scott filing the present lawsuit.

---

[3] Scott's failure to disclose Middle District Case No. 3:16cv535 provides an additional basis for dismissing this case, as an inmate's failure to respond truthfully to questions on the complaint form concerning his litigation history is considered an abuse of the judicial process warranting dismissal of the case as malicious. *See* 28 U.S.C. § 1915A(b)(1) (authorizing the court to dismiss a prisoner action as malicious).

As Scott has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Scott's allegations do not make that showing. Scott claims that in 2017, Dr. Hasty was deliberately indifferent to his serious medical need when he delayed removing Scott's stiches. Scott alleges that the stitches should have been removed 30 days after his July 19, 2017, surgery, but were instead removed 63 days after the surgery. (Doc. 1, pp. 6-7 in ECF). Accepting these allegations as true, they fail to make a colorable showing that Scott is in imminent danger of serious physical injury. An allegation of past danger does not invoke § 1915(g)'s exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".). Because Scott is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed under § 1915(g).

## III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   Scott's motion to proceed *in forma pauperis* (Doc. 2), and motion for appointment of counsel (Doc. 3) be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

3. The clerk of court close this case file.

At Panama City Beach, Florida, this 15th day of July 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**